IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-472-BO

| | |
|---|---|
| RHONDA SUE YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's Motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA). [DE 48]. For the reasons discussed below, plaintiff's motion is GRANTED in PART and DENIED in PART.

## BACKGROUND

Ms. Yates sought appellate review of the Commissioner's decision before this Court on October 18, 2014. On November 21, 2014, the Commissioner filed a consent motion to remand to the Social Security Administration [DE 15] ,which this Court granted on November 26, 2014 [DE 16]. Plaintiff now seeks an award of attorney's fees in the amount of $3,081.12 for 16.8 hours of work spent on the appeal and $89.31 in costs. Defendant does not dispute that plaintiff was the prevailing party, that defendant's position in the underlying litigation was unjustified, or that plaintiff is procedurally eligible for EAJA fees. Though defendant does not object to the expenses or the hourly rates sought by plaintiff, defendant does argue that the number of hours billed by plaintiff is excessive and warrants reduction.

## DISCUSSION

Under the EAJA, parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the position of the United States throughout the

1

litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the EAJA, the claimant must show that (i) she is the prevailing party; (ii) the government's position was not substantially justified; (iii) no special circumstances make an award unjust; and (iv) the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). As defendant does not dispute that plaintiff meets these threshold conditions for an award of fees and costs under the EAJA, the Court finds that plaintiff has met them.

"Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2001) (citation omitted). As the prevailing party here, "plaintiff 'bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary.'" *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, *3 (E.D.N.C. Feb. 8, 2008) (citation omitted). In determining the amount of a fee, a court may consider the extent of plaintiff's success, the novelty and complexity of the issues presented, the experience and skill of the attorney, and the typical range of compensated hours in a particular field. *Id.* at *3–*4. A court has great discretion to determine the fee award so long as the fee is reasonable. *Hyatt*, 315 F.3d at 254.

Here, plaintiff has not met her burden of showing that 16.8 hours of attorney time are reasonable in this litigation. Time sheets accompanying plaintiff's motion include entries for time spent on ministerial tasks and training her legal assistant. It is well established that purely clerical tasks should not be compensated for, *see, e.g., Chapman v. Astrue*, No. 2:08CV00040, 2009 WL 3764009, *1 (W.D. Va. Nov. 9, 2009), and that counsel should refrain from billing for

2

"excessive, redundant, or otherwise unnecessary" hours, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). It is also well established that it awarding the full attorney rate for activities that could more effectively be performed by non-lawyers is improper. *See, e.g., Spell v. McDaniel*, 824 F.2d 1380, 1401–02 (4th Cir. 1987). Examining the time sheets submitted by plaintiff in light of these principles, it is clear that certain entries should be reduced in time or eliminated.

The entry on August 18, 2014, bills for time spent on an office conference to train personnel, which is wholly inappropriate. Additionally, plaintiff's counsel included entries for 1.4 hours of "proofing and finalizing" and 2.1 and 1.1 hours "reviewing and revising" documents. Many of the documents listed are forms similar to hundreds of others plaintiff's counsel has submitted to this Court in the past, and the Court finds that the time allotted for these tasks is excessive given the formulaic nature of the documents at issue. The time sheet also includes entries for reviewing documents that are simply electronic docket entries or one page orders. The Court finds that billing for these is likewise inappropriate. Plaintiff's counsel additionally claims attorney hours for clerical tasks such as scheduling phone conferences and forwarding documents. Attorney hours should not be billed for tasks such as these, which could and should be completed by a non-attorney.

While the Court will not engage in micromanagement of counsel's time in order to determine whether the fee request is reasonable, *Quade ex rel. Quade v. Barnhart*, 570 F.Supp.2d 1164, 1167–68 (D.Ariz. 2008), it determines upon review that the total amount of fees requested by plaintiff's counsel includes non-compensable and excessive hours, as well as hours that should have been billed at a non-attorney rate. It is unclear how many hours plaintiff claims on these tasks, as the entries are lumped together with other tasks. Rather than reducing or

3

Case 5:14-cv-00472-BO Document 25 Filed 03/18/15 Page 3 of 4

eliminating specific time entries, therefore, the Court will exercise its discretion and reduce the EAJA fee award to plaintiff's counsel by one third, resulting in a fee award of $2054.08.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for EAJA fees is GRANTED in PART and DENIED in PART. Plaintiff is awarded $2,054.08 in fees and $89.31 in costs.

SO ORDERED, this _18_ day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:14-cv-00472-BO   Document 25   Filed 03/18/15   Page 4 of 4